IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
PETER A. TOMAINO, BAR NO. 1380

No. 79186

FILED

NOV 14 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

*ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT*

This is an automatic review of a Northern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Peter A. Tomaino. Under the agreement, Tomaino admitted to violating RPC 5.3 (responsibilities regarding nonlawyer assistants) and RPC 1.15 (safekeeping property) and agreed to a one-year suspension stayed for two years subject to certain conditions.

Tomaino has admitted to the facts and violations as part of his plea agreement. The record therefore establishes that Tomaino violated the above-listed rules by commingling personal funds in his trust account, mostly by failing to pay himself costs out of that account, and by failing to supervise an employee resulting in the employee misappropriating over $11,000 out of the trust account. However, because Tomaino retained such a large amount of personal funds in his trust account, it appears that no client was injured by his employee's misappropriation.

The issue for this court is whether the agreed-upon discipline sufficiently protects the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty violated, the

19-46796

lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Tomaino has admitted that he knowingly violated duties to his clients (safekeeping property) and to the legal profession (responsibilities regarding nonlawyer assistants). While none of Tomaino's clients appear to have been harmed, there was potential for client injury as a result of Tomaino's commingling funds in his trust account and his failure to supervise an employee with access to that account. Thus, the baseline sanction before considering aggravating and mitigating circumstances is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.12 (Am. Bar Ass'n 2017) ("Suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client."). The record supports the panel's findings of one aggravating circumstance (substantial experience in the practice of law) and four mitigating circumstances (absence of prior disciplinary record, absence of dishonest or selfish motive, full and free disclosure to disciplinary authority and cooperative attitude toward proceeding, and remorse). Considering all four factors, we conclude that the agreed-upon discipline is appropriate.

Accordingly, we hereby suspend attorney Peter A. Tomaino for one year. The suspension is stayed for two years subject to the following conditions: (1) Tomaino shall employ an accountant to reconcile his accounts as described in the guilty plea agreement, (2) he shall retain any funds in his trust account that are not identified as unpaid client funds for the entire period of the two-year stay, (3) he shall pay any funds identified by the

 

accountant as belonging to a client or a lienholder no later than 30 days after such identification, (4) he shall employ an accountant on a monthly basis as described in the guilty plea agreement and provide monthly reports prepared by the accountant to the State Bar for the first year of the stay and quarterly reports to the State Bar for the second year of the stay, (5) he shall not receive discipline for any grievances reported to the State Bar related to any post-guilty plea agreement conduct through the expiration of the two-year stay, (6) he shall complete two CLE credits in the area of IOLTA trust account management/maintenance or law office management in each year that the suspension is stayed and provide documentation of the completed CLE credits to the State Bar no later than the anniversary date of this order each year, and (7) he shall pay the costs of the disciplinary proceeding, including $2,500 under SCR 120, within 30 days from the date of this order. The parties shall comply with SCR 121.1.

It is so ORDERED.[1]

_____, C.J.
Gibbons

_____, J.
Silver

_____, Sr. J.
Douglas

cc:    Chair, Northern Nevada Disciplinary Board
Lemons, Grundy & Eisenberg
Bar Counsel, State Bar of Nevada
Executive Director, State Bar of Nevada
Admissions Office, U.S. Supreme Court

---

[1]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.